PAUL L. REIN, ESQ. (State Bar No. 43053)
AARON M. CLEFTON (State Bar No. 318680)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
PATRICIA BERNE

MICHAEL D. BRUNO (SBN: 166805)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
mbruno@grsm.com

Attorneys for Defendant
UGO "LUCA" ROCCI DBA LUCA CUCINA

FRED M. FELLER, ESQ (#68167)
BECKMAN, FELLER & CHANG PC
2298 Durant Avenue
Berkeley, California 94704

Attorneys for Defendants
JORGE A. PENA AND MARCELA
M. LEON FAMILY TRUST

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BERNE,<br><br>Plaintiff,<br><br>v.<br><br>UGO ROCCI aka LUCA ROCCI DBA LUCA CUCINA; JORGE A. PENA AND MARCELLA M. LEON TRUST; and DOES 1-10, INCLUSIVE;<br>Defendants. | Case No. 4:17-cv-05032 DMR<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS** |

1. Plaintiff PATRICIA BERNE filed a Complaint in this action on August 30, 2017, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages

for discriminatory experiences, denial of access, and denial of civil rights against Defendants UGO ROCCI aka LUCA ROCCI DBA LUCA CUCINA; JORGE A. PENA AND MARCELLA M. LEON TRUST (the "Defendants"), relating to disability discrimination at Defendant's public accommodations as of April 23, 2017. Plaintiff has alleged that Defendants violated Titles III of the ADA; sections 51, 52, 54, 54.1, 54.3, and 55, and sections 19953 *et seq.* of the Health and Safety Code by failing to provide full and equal access to the patrons of the Luca Cucina Restaurant located at 2057 San Pablo Ave, Berkeley, California. Defendants dispute Plaintiff's claims.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together, the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning all of Plaintiff's claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and damages that have arisen out of the subject Complaint.

- 2 -

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

  a. **Remedial Measures:** The corrective work agreed upon by the Parties to be performed is set forth in **Exhibit A**, which reflect plans prepared by Defendants' architect George Dedekian, and incorporated herewith. The Parties agree that the remedial work will be in full compliance with **Exhibit A**.

  b. **Training:** Defendants agree that within 30 days from the date of filing this document with the Court, Defendants will make the following policy commitments: All staff, including managers, will be trained to offer reasonable accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations. Defendants agree to make reasonable accommodations in their policies and practices when interacting with disabled patrons.

  c. **Timing**: Defendants shall promptly undertake to commence and complete the remedial work in **Exhibit A** requiring physical alterations to the Premises pursuant to paragraph 5(a) on or before March 31, 2018, if no building permit or government approval is required, and by August 31, 2018, 2018, for remedial work that requires a building permit or government approval, subject to reasonable extension of such timeline that may be caused by the delay, further requirements, or additional work caused or imposed by the City of Berkeley Building Department or other appropriate governmental entities or representatives. In the event that unforeseen difficulties impact Defendants from timely completing the agreed-upon remedial work, Defendants or their counsel shall notify Plaintiff's counsel in writing promptly after discovering the impact of such difficulties. Plaintiff's counsel will have thirty (30) days to investigate and meet and confer with Defendants' counsel regarding the issues causing the delay. Plaintiff and Defendants, or

their representatives, shall meet and confer in good faith, after receiving Defendants' notice in an attempt to reach agreement about the issues causing the delay. If, after such good faith efforts, the Parties cannot reach agreement regarding the delay, Plaintiff may seek enforcement by the Court and Defendants shall be provided with legally sufficient notice and an opportunity to respond in a manner the Court may then direct.

    d. Defendants will notify Plaintiff in writing at the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 60 days thereafter until all access is provided. If Defendants fail to comply with the terms of this Consent Decree and Order on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney fees for any compliance work necessitated by Defendants' failure to comply with this agreement. If the Parties disagree, such fees, if any, shall be set by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

  6. Defendants agree to pay Plaintiff a total of $10,000 for Plaintiff's damages. Defendant agrees to pay for Plaintiff's attorney fees, litigation expenses, and costs in the amount of $20,000. The damages, attorney fees, litigation expenses and costs shall be paid by check payable to "PAUL L. REIN IN TRUST FOR PATRICIA BERNE" and delivered to Plaintiff's counsel's office, located at 200 Lakeside Drive, Suite A, Oakland California by close of business on March 2, 2018.

**ENTIRE CONSENT DECREE AND ORDER:**

  7. This Consent Decree and Order and **Exhibit A** constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein. The Court will retain

- 4 -

CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES AND COSTS
Case No. 4::17-cv05032 DMR

jurisdiction to enforce this decree. When Defendants notify Plaintiff's attorney that all work on the restaurant is complete, Plaintiff's attorney may, at his option, seek a cooperative site inspection if he makes such a request within 30 days of receiving notice from Defendants of completion of the work. No fees or costs for Plaintiff's work will be charged for such an inspection, if any is done.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

9. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

| | | |
|---|---|---|
| Dated: 3/9, 2018 | | PLAINTIFF PATRICIA BERNE |

*X Patricia A. Berne*
_____

Dated: _____, 2018        UGO "LUCA" ROCCI DBA LUCA CUCINA




_____

Dated: _____, 2018        JORGE A. PENA AND MARCELA
                               M. LEON FAMILY TRUST



By:_____
Print name:_____
Title:_____

Approved as to form:

Dated: 3/9, 2018               LAW OFFICES OF PAUL L. REIN


By: *Paul L. Rein*
PAUL L. REIN, Esq.
Attorneys for Plaintiff
PATRICIA BERNE

Dated: _____, 2018        GORDON REES SCULLY MANSUKHANI, LLP



By:_____
MICHAEL BRUNO, Esq.
Attorneys for Defendants
UGO "LUCA" ROCCI DBA LUCA CUCINA

- 7 -

## SIGNATORIES BIND PARTIES:

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: _____, 2018     PLAINTIFF PATRICIA BERNE

_____

Dated: 3-6, 2018     UGO "LUCA" ROCCI DBA LUCA CUCINA

*[signature]*

Dated: _____, 2018     JORGE A. PENA AND MARCELA M. LEON FAMILY TRUST

By: _____
Print name: _____
Title: _____

Approved as to form:

Dated: _____, 2018     LAW OFFICES OF PAUL L. REIN

By: _____
AARON M. CLEFTON, Esq.
Attorneys for Plaintiff
PATRICIA BERNE

Dated: 3/6, 2018     GORDON REES SCULLY MANSUKHANI, LLP

By: *[signature]*
MICHAEL BRUNO, Esq.
MICHAEL A. DUBIN, Esq.
Attorneys for Defendants
UGO "LUCA" ROCCI DBA LUCA CUCINA

- 7 -

| | | |
|---|---|---|
| 1 | Dated: 3/9, 2018 | PLAINTIFF PATRICIA BERNE |
| 2 | | |
| 3 | | |
| 4 | | *X Patricia A. Berne* |
| 5 | | |
| 6 | | |
| 7 | Dated: _____, 2018 | UGO "LUCA" ROCCI DBA LUCA CUCINA |
| 8 | | |
| 9 | | |
| 10 | | _____ |
| 11 | | |
| 12 | Dated: _____, 2018 | JORGE A. PENA AND MARCELA M. LEON FAMILY TRUST |
| 13 | | *Jorge A. Pena* |
| 14 | | By: *Marcela Leon* |
| 15 | | Print name: _____ |
| 16 | | Title: _____ |

Approved as to form:

| | | |
|---|---|---|
| 18 | Dated: 3/9, 2018 | LAW OFFICES OF PAUL L. REIN |
| 19 | | |
| 20 | | By: *Paul L. Rein* |
| 21 | | PAUL L. REIN, Esq.<br>Attorneys for Plaintiff |
| 22 | | PATRICIA BERNE |
| 23 | Dated: _____, 2018 | GORDON REES SCULLY MANSUKHANI, LLP |
| 24 | | |
| 25 | | By: _____ |
| 26 | | MICHAEL BRUNO, Esq.<br>Attorneys for Defendants |
| 27 | | UGO "LUCA" ROCCI DBA LUCA CUCINA |
| 28 | | |

Dated: 3/14, 2018

BECKMAN, FELLER & CHANG PC

By: /s/ Fred M. Feller
FRED M. FELLER, Esq.
Attorneys for Defendants
JORGE A. PENA AND MARCELA
M. LEON FAMILY TRUST

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: March 28, 2018

_____
Honorable Donna M. Ryu
United States Magistrate Judge



BERNE v. UGO ROCCI aka LUCA ROCCI dba LUCA CUCINA et al.
CASE NO. 4:17-cv-05032 DMR

# EXHIBIT A

The parties agree that defendant shall remedy the following:

## The Restroom

1. Defendants shall replace the existing door hardware on the outside of the door with a push plate. The inside of the door will have compliant pull loop. Defendant shall install an ADA compliant deadbolt, which triggers a vacancy/occupied indicator on the outside of the door. A door closer will be installed to ensure that the door closes within the 5-second specification and to eliminate any oven exhaust pressure from the kitchen. The door pressure will be ADA compliant.

2. Defendants shall install compliant disabled-accessible signage.

3. Defendants shall remove the pedestal sink and replace it with a compliant wall hung sink at the proper level. All exposed piping will be appropriately wrapped.

4. Defendants shall install a paper towel dispenser at a compliant height or replace the paper towel dispenser with an automatic hand dryer that will be installed at a compliant height.

5. Defendants shall replace the current waste receptacle with a wall-mounted waste receptacle installed at a compliant height.

6. Defendants shall raise the wall-mounted rear grab bar so that there is at least 1 ½" between it and the top of the flush tank.

7. Defendants shall adjust the toilet paper dispensers along the wall so that the middle of the at least on of the rolls is a compliant distance from the toilet.

8. Defendant shall remove all loose object in front of the toilet to create a compliant turn space.

9. Defendants shall relocate the toilet seat-cover dispenser to the side of the toilet instead of over it and mount it at a compliant height

## The Restaurant's Front Door

10. Defendant shall install an automatic, powered, ADA compliant door opener on the front door.

BERNE v. UGO ROCCI aka LUCA ROCCI dba LUCA CUCINA et al.
CASE NO. 4:17-cv-05032 DMR

### The Restaurant's Interior

11. Defendant shall maintain an accessible path of travel throughout the interior of the restaurant such that there will be a 36"-wide path of travel (measured when chairs on both sides of the route are pulled out to 19" from the table) on the left side of the restaurant from the door at the front of the restaurant all the way the way to the restroom at the back of the restaurant. This will be achieved by joining the dual-occupancy tables on the right side of the restaurant to create a long community table to the right of the accessible route. A centerline marker on the floor of the restaurant will be installed to ensure that tables are returned to this location to create an "everyday layout" for the restaurant.

12. The community table will be pulled back from the door to achieve as clos to five-feet of clearance from the front door as possible, while making sure that the accessible route between the service counter and the far-end of the community table does not encroach on the 36"-wide accessible route.